LAW OFFICE OF
**KEOGH & FORMAN**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Plaintiff



FILED
DISTRICT COURT OF GUAM
DEC 3 0 2002
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROLANDO A. DAYDAY | CIVIL CASE NO. CIV 02-00038 |
| Plaintiff, | |
| vs. | COMPLAINT |
| UNITED STATES OF AMERICA | |
| Defendant. | |

## INTRODUCTION

1. This is a Federal Tort Claims Act action for damages for personal injuries arising from a traffic accident.

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 48 U.S.C. §1424 and 28 U.S.C. §1346(b).

## PARTIES

3. Plaintiff Rolando A. Dayday is adult individual and a resident of the Territory of Guam.

4. Defendant United States of America is the government of the United States of America. At all relevant times herein, the

Immigration and Naturalization Service ("INS") of the Department of Justice was an instrumentality of defendant United States of America.

**FACTS**

5. At all relevant times herein, Paul F. Capistrano was employed by the INS and was acting within the course and scope of his employment with the INS.

6. On January 12, 2002, at approximately 6:45 p.m., plaintiff Dayday was operating a 1988 Mitsubishi Mirage ("the Mirage") in an easterly direction in the vicinity of the Yigo Church on Route 1 in Yigo, Territory of Guam.

7. At said time and place, plaintiff Dayday was operating the Mirage in a careful and prudent manner.

8. At said time and place, plaintiff Dayday had brought the Mirage to a complete stop in order to yield to a vehicle executing a turn in front of the Mirage.

9. At said time and place, Capistrano was operating a 1990 Dodge D250 Pick-up owned by INS in an easterly direction directly behind the Mirage.

10. At said time and place, Capistrano operated the Dodge in a negligent manner in that he failed to pay attention to traffic and failed to notice that the Mirage had come to a stop in front of the Dodge.

11. In operating the Dodge in the manner described above, Capistrano violated laws of the Territory of Guam, including 16 GCA §3301(b) and 16 GCA §3320.

12. As a direct and proximate result of the negligence of Capistrano, the Dodge collided with the rear end of the Mirage.

13. On June 8, 2002, plaintiff Dayday, by and through a process server employed by his counsel, served a "Claim for Damage, Injury or Death form" (Standard Form 95 (Rev. 7-85), Prescribed by Dept. of Justice, 28 CFR 14.2) on the INS office on Guam and the U. S. Attorney's Office on Guam.

14. Defendant has failed to finally dispose of the above-described claim within six months after its submission.

## CLAIM FOR RELIEF

## PERSONAL INJURY

15. Plaintiff Dayday repeats and realleges each and every allegation of paragraphs 1 through 14 of the complaint herein.

16. As a direct and proximate result of the negligence of defendant's employee, plaintiff Dayday has suffered severe injuries to his body, including multiple cervical subluxation, thoracis subluxation, cervical sprain or strain, thoracic sprain or strain, joint dysfunction, and cerviobrachial syndrome, all of which caused severe pain and suffering.

17. As a further direct and proximate result of the negligence of defendant's employee, plaintiff Dayday incurred medical and incidental expenses in the amount of $2,211.00.

18. As a further direct and proximate result of the negligence of defendant's employee, plaintiff Dayday lost income in an amount to be proven at trial.

**DEMAND FOR RELIEF**

**WHEREFORE**, plaintiff Rolando A. Dayday prays Judgment be entered against defendant as follows:

COMPLAINT
Dayday v. USA
Page 5

1. For general damages for the personal injury to plaintiff in the sum of $95,000.00;

2. For medical expenses of plaintiff in the amount of $2,211.00;

3. For lost income of plaintiff in an amount to be proven at trial;

4. For costs of suit to the extent allowed by law; and

5. For such other and further relief as is just and proper.

LAW OFFICE OF KEOGH & FORMAN
Attorneys for Plaintiff

DATE: 12/30/02    By: _____
                      ROBERT L. KEOGH

COMPLAINT
Dayday v. USA
Page 6

## VERIFICATION

I, the undersigned, being first duly sworn, depose and say that I am a party to the above-entitled matter; the foregoing statements are true of my own knowledge, except as to matters which are therein stated on my information or belief; and as to those matters I believe them to be true.

DATE: _12-30-02_    _____
                    ROLANDO A. DAYDAY

In and For Guam, U.S.A. )
                        ) ss.
City of Hagatña         )

SUBSCRIBED AND SWORN TO before me this _30th_ day of _December_, 2002 by Rolando A. Dayday.

_____
Notary Public

ANGELINA O. CRUZ
NOTARY PUBLIC
In and for Guam U.S.A.
My Commission Expires: August 30, 2006
P.O. Box 7885 Tamuning, Guam 96931

# United States District Court

DISTRICT OF Guam

ROLANDO A. DAYDAY,
Plaintiff

V.

UNITED STATES OF AMERICA,

Defendant.

SUMMONS IN A CIVIL CASE

CASE NUMBER: 02-00038

TO: (Name and address of defendant)

UNITED STATES OF AMERICA

ACKNOWLEDGED RECEIPT
By: *(signature)*
Date: 12.30.02

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ROBERT L. KEOGH, ESQ.
Law Office of Keogh and Forman
Suite 105, C&A Prof. Bldg.
251 Martyr St., Hagatna, Guam 96910

an answer to the complaint which is herewith served upon you, within ___60___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran
CLERK

DEC 30 2002
DATE

/s/ Walter M. Tenorio
(BY) DEPUTY CLERK